M. Jean SANDEL, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 93–3559.

United States Court of Appeals,
Federal Circuit.

June 27, 1994.

Martin L. Sandel, Bilfield & Sandel Co., L.P.A., Cleveland, OH, argued for petitioner.

Lauren S. Moore, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued for respondent. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and James M. Kinsella, Asst. Director. Also on the brief was Lorraine Lewis, Gen. Counsel, of counsel.

Before ARCHER, Chief Judge *,
LOURIE and RADER, Circuit Judges.

---

* Chief Judge Glenn L. Archer, Jr. assumed the position of Chief Judge on March 18, 1994.

LOURIE, Circuit Judge.

M. Jean Sandel petitions for review of the August 30, 1993 decision of the Merit Systems Protection Board, Docket No. CH–0831–93–0336–I–1, affirming the decision of the Office of Personnel Management (OPM) denying her application for a survivor annuity. Because petitioner does not meet the statutory requirements for entitlement to a survivor annuity, we affirm.

## BACKGROUND

Petitioner married Walter R. Sandel, an employee of the United States Postal Service, on September 21, 1946. Upon his retirement in June of 1972, Walter Sandel elected to receive a reduced retirement annuity in order to provide survivor benefits for his widow. The couple were divorced on October 26, 1972 and the divorce decree was silent concerning Walter Sandel's retirement annuity and petitioner's right of survivorship. Neither of the Sandels remarried and Walter Sandel died on March 10, 1992. On June 10, 1992, petitioner filed an application with the OPM for a survivor annuity under the Civil Service Retirement Act (CSRA).

The OPM denied petitioner's application, concluding that the divorce extinguished her right of survivorship and that she had failed to file a timely application for a survivor annuity. Before the Administrative Judge (AJ), petitioner argued that because the OPM failed to notify either her or her former husband of the statutory requirements for obtaining survivor benefits, those requirements should be waived, thereby entitling her to a survivor annuity. The AJ rejected that argument and affirmed the OPM's denial of her application. The AJ's decision became the final decision of the board on August 30, 1993.

## DISCUSSION

 We must affirm the board's decision absent a showing that it was arbitrary, capricious, an abuse of discretion, not in ac-

cordance with law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). Whether petitioner is entitled to a survivor annuity under the CSRA is a question of law which we review *de novo. See Marano v. Department of Justice,* 2 F.3d 1137, 1141 (Fed.Cir.1993).

 Petitioner asserts a number of grounds supporting her claim. First, she asserts that she is entitled to a survivor annuity as the "widow" of Walter Sandel as provided for in his retirement application. *See* 5 U.S.C. § 8341(b)(1) (1988) (the widow of a deceased retiree is entitled to a survivor annuity). The CSRA defines the term "widow" as "the *surviving wife* of an employee or Member who—(A) was married to him for at least 9 months immediately before his death; or (B) is the mother of issue by that marriage." 5 U.S.C. § 8341(a)(1) (emphasis added). The statute thus requires that an individual be both the surviving wife of the retiree and that she meet the requirements of either clause (A) or clause (B). Contrary to the argument of petitioner, the "surviving wife" provision is itself a requirement of the statute. It is not merely conclusory language which is defined by meeting the requirements of clauses (A) or (B). While petitioner satisfies one of the alternative parts of the statutory definition, *i.e.,* she is "*the mother of issue*" by her marriage to Walter Sandel, there is no dispute that she does not satisfy the first requirement. At the time of Walter Sandel's death, petitioner had been divorced for nearly twenty years and thus she was not his "surviving wife" within the meaning of the statute. Accordingly, she does not qualify for a survivor annuity under 5 U.S.C. § 8341(b)(1).

Second, petitioner argues that she is entitled to a survivor annuity under the Civil Service Retirement Spouse Equity Act of 1984.[1] Under the Spouse Equity Act, the

---

**1.** Pub.L. No. 98–615, 98 Stat. 3195, as amended by Pub.L. No. 99–251, 100 Stat. 14 (1986) and

former spouse of an employee who retired prior to May 7, 1985 is entitled to a survivor annuity if five requirements are met, one of which is that the former spouse apply for such benefits on or before May 8, 1989. *See* 5 C.F.R. § 831.622(a)(2)(iii) (1993).[2] Petitioner filed her application on June 10, 1992, more than three years after the filing deadline. Although petitioner does not dispute that she failed to file a timely application, she asserts that she constructively met the deadline in view of the OPM's failure to notify her of her right to file an application and of the filing deadline. She thus argues that the filing deadline should be tolled because the OPM failed to inform her of the statutory requirements.

■ In making that argument, petitioner identifies no provision either in the statute or in the OPM's regulations requiring the OPM to notify former spouses of retirees of their option of applying for survivor benefits. *See Davis v. Office of Personnel Management*, 918 F.2d 944, 946 (Fed.Cir.1990) ("There is no statutory duty imposed on [the] OPM to notify potential survivor annuitants of the requirement to file a claim for an annuity."). Nor does petitioner identify any statutory or regulatory provision requiring the OPM to notify potential applicants of the filing deadline under the Spouse Equity Act. *See id.* at 947 ("The government is not responsible for providing instructions to each potential annuitant.").

■ Moreover, the filing deadline for applying for a survivor annuity under the Spouse Equity Act cannot be tolled. In *Iacono v. Office of Personnel Management*, 974 F.2d 1326 (Fed.Cir.1992), we recognized that "the 1989 deadline serve[s] as an endpoint of the definite time period in which Congress would permit a specific class of potential annuitants to file applications" and thereby

"functions as a condition defining and closing the class" entitled to such benefits. *Id.* at 1328. Accordingly, we conclude that petitioner's failure to file an application prior to the statutory deadline precludes her entitlement to a survivor annuity under the Spouse Equity Act.

■ Finally, petitioner argues that the OPM breached its duty under 5 U.S.C. § 8339 note (1988) to notify her former husband of his right to elect a survivor annuity for his former spouse. Under the CSRA, a retiree must make such an election either at the time of retirement or within two years after the marriage is dissolved. 5 U.S.C. § 8339(j)(3) (1988). Petitioner does not dispute that her former husband failed to meet that election requirement. Rather, relying on our decision in *Brush v. Office of Personnel Management*, 982 F.2d 1554 (Fed.Cir. 1992), she argues that the election requirement should be waived in view of the OPM's failure to comply with the statutory notice provision.

The statutory notice provision became effective in 1978, *see* 5 U.S.C. § 8339 note (1988), approximately six years after the Sandels were divorced on October 26, 1972, and four years after Walter Sandel's right of election would have expired. In contrast, the divorce in *Brush* occurred in 1987, after the statute's effective date. Thus, unlike in *Brush*, the OPM was not required at the time of the divorce or during the subsequent two-year election period to notify Walter Sandel of his right to elect a survivor annuity for his former spouse. Accordingly, because the notice requirement was not in effect during the times relevant here, we have no basis for applying the waiver rule of *Brush* in the instant case.[3]

In reaching our decision, we are mindful of the proposition that each citizen is charged

---

Pub.L. No. 100–238, 101 Stat. 1744 (1988); *see* 5 U.S.C. § 8341 note (1988).

**2.** It is not disputed that petitioner satisfied each of the other requirements, which are as follows: (i) the former spouse was married to the retiree for at least 10 years of the retiree's creditable service; (ii) the former spouse has not remarried after September 14, 1978, before reaching age 55; (iii) the former spouse is at least 50 years old

on May 7, 1987 and when filing the application; and (iv) no current spouse, other former spouse, or insurable interest designee is receiving or has been designated to receive a survivor annuity based on the service of the retiree. *See* 5 C.F.R. § 831.622(a)(2).

**3.** We have also considered petitioner's due process argument and find it to be unpersuasive.

with knowledge of the law, *see Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947), and that payments of money from the federal treasury are limited to those authorized by statute, *see Office of Personnel Management v. Richmond,* 496 U.S. 414, 416, 110 S.Ct. 2465, 2467, 110 L.Ed.2d 387 (1990). "[W]e cannot accept the suggestion that the terms of a statute should be ignored based on the facts of individual cases. Here the relevant statute by its terms excludes [petitioner's] claim, and [her] remedy must lie with Congress." *Id.* at 432, 110 S.Ct. at 2475–76.

## CONCLUSION

Because petitioner did not meet the statutory requirements for receiving a survivor annuity, the decision of the board is affirmed.

***AFFIRMED.***