43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Evelyn B. ANDERSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3293.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1994.
 
 Before RICH, NIES, and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Evelyn Anderson appeals from a decision of the Merit Systems Protection Board ("MSPB" or "Board"), No. DC-0831-94-0089-I-1, which upheld the Office of Personnel Management's ("OPM") determination that Ms. Anderson was not entitled to a survivor's annuity. Because Ms. Anderson did not request a survivor's annuity based on her former spouse's employment on or before the May 7, 1989, congressionally mandated deadline for applying for such benefits, we affirm.
 
 DISCUSSION
 
 2
 Joseph Anderson, a federal employee, and Ms. Anderson were divorced in June 1976 and in February 1980, Mr. Anderson retired. After the passage of the Civil Service Retirement Spouse Equity Act of 1984, OPM sent Mr. Anderson survivor annuity election forms which he failed to return. Subsequently, in August 1991, Mr. Anderson died. Ms. Anderson, in July 1993, first requested survivor annuity benefits from OPM, which OPM denied because Ms. Anderson had not applied for benefits prior to the mandatory deadline established by Congress.
 
 
 3
 Before the MSPB, Ms. Anderson requested a waiver from the deadline arguing that she did not know about the deadline and that there was no reason to apply for a survivor's annuity until after her former spouse had died. While we do not doubt her failure to act earlier seemed logical to her, neither this court nor the MSPB is at liberty to ignore a mandatory deadline established by Congress.
 
 
 4
 Unfortunately for Ms. Anderson, we must agree with the AJ's ruling that a waiver from the deadline is not available. Congress established the strict deadline for former spouses to apply for a survivor's annuity. See Spouse Equity Act, Sec. 4(b)(1)(B)(iv); 5 U.S.C. Sec. 8341 note.* Additionally, this court recently held that the 1989 deadline could not be tolled in individual cases. Sandel v. OPM, 28 F.3d 1184, 1187 (Fed.Cir.1994).** This court does not have equitable powers to ignore the congressionally imposed deadline. Only Congress may change it. Since Ms. Anderson did not meet that deadline, she is not entitled to a survivor's annuity. Any relief lies not with this court, but rests with Congress.
 
 
 
 *
 The impending deadline was announced in the press. See Jim Spencer, Double Load: Kids, Elderly, Chi. Trib., April 9, 1987, at C2; Helen Huntley, Application for Ex-spouse's Survivor Benefits Due Soon, St. Petersburg Times, Mar. 31, 1987, at A15; Mike Causey, Federal Diary, Wash. Post, March 22, 1987, at B2. The original deadline was May 7, 1987. Thereafter, Congress extended the period for applying for a survivor's annuity to 1989. See Act of Jan. 8, 1988, P.L. No. 100-238, tit. I, Sec. 127, 101 Stat. 1758; H.R.Rep. No. 100-374, 100th Cong., 1st Sess. 37 (1987), reprinted in 1987 U.S.C.C.A.N. 3217, 3236
 
 
 **
 Muwwakkil v. OPM, 18 F.3d 921 (Fed.Cir.1994), cited by Ms. Anderson in the appendix to her petition, appears somewhat similar factually to the present case. However, the statute reviewed in Muwwakkil placed an affirmative duty on OPM to contact former spouses of retiring employees. Also, in Muwwakkil the employee was divorced subsequent to the enactment of the Spouse Equity Act. Under the Act, OPM had no affirmative duty to contact the former spouse of an employee who was divorced prior to the passage of the Act. Former spouses are treated differently and have different rights under the Act depending on whether the spouse was married subsequent to the Act's passage or whether the spouse was already divorced at the time of the Act's passage