**John F. DOWNS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 95–3164.**

United States Court of Appeals, Federal Circuit.

Nov. 6, 1995.

John F. Downs, Pro Se, submitted on the briefs.

John K. Lapiana, Commercial Litigation Branch, Department of Justice, Washington, D.C., submitted for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Assistant Director. Of counsel was Lorraine Lewis, General Counsel, and Earl A. Sanders, Office of Personnel Management.

Before LOURIE and RADER, Circuit Judges, NIES, Senior Circuit Judge.\*

\* Judge Nies assumed senior status on November 1, 1995.

RADER, Circuit Judge.

## DECISION

The Merit Systems Protection Board affirmed the Office of Personnel Management's denial of Mr. Downs' request for reinstatement of a child survivor annuity. Because the law precludes such reinstatement following the annuitant's marriage, this court affirms the Board decision.

## DISCUSSION

### I.

Mr. Downs is the son of a retired civil service employee. After his father's death, Mr. Downs received a child's survivor annuity. *See* 5 U.S.C. § 8341(e)(2) (1995). Mr. Downs received this annuity as an "unmarried dependent child regardless of age who is incapable of self-support because of mental or physical disability incurred before age 18". 5 U.S.C. § 8341(a)(4)(B). Mr. Downs, a disabled quadriplegic, qualified for this child survivor's annuity.

On October 7, 1982, Mr. Downs married. Under 5 U.S.C. § 8341(e)–(3)(E) his survivor annuity terminated on the last day of the month before his marriage—September 30, 1982.

Mr. Downs divorced on November 24, 1993. After his divorce, Mr. Downs appealed for reinstatement of his child survivor's annuity. The Office of Personnel Management denied Mr. Downs' reinstatement of his annuity because it terminated upon his marriage. The Office of Personnel Management reasoned that no statutory authority permits reinstatement of a child's survivor annuity previously terminated by marriage.

### II.

This court must affirm the Board's decision absent a showing that it was arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Entitlement to a survivor annuity under the Civil Service Retirement Act

(CSRA) is a question of law which this court reviews *de novo. See Sandel v. Office of Personnel Management,* 28 F.3d 1184, 1186 (Fed.Cir.1994).

In this case, this court must determine whether the CSRA, 5 U.S.C. § 8331, permits reinstatement of a child survivor annuity terminated by marriage when that marriage ends in divorce. 5 U.S.C. § 8341(e)(3). In some limited circumstances, the CSRA allows reinstatement of an annuity terminated by marriage. For instance, section 8341(g) permits reinstatement of a survivor annuity to a remarried widow or widower when the remarriage ends in divorce. 5 U.S.C. § 8341(g). The CSRA, however, contains no similar reinstatement provisions for children or divorced "former spouses" of deceased federal employees.

Similarly, 5 U.S.C. § 8341(e)(3) has a reinstatement provision. This section terminates a child's survivor annuity when the child is no longer a student. The same section permits reinstatement of the annuity if the child becomes a student again. 5 U.S.C. § 8341(e)(3). Sections 8341(g) and 8341(e)(3) show that the CSRA expressly provides reinstatement in some circumstances.

 Section 8341(a)(4)(B), the section governing child survivor annuities because of mental or physical disability, contains no reinstatement provision. Once terminated by marriage, the CSRA gives no entitlement to reinstatement, even when that marriage ends in divorce. The CSRA creates such a reinstatement opportunity for remarried widows or widowers, but provides no similar opportunity for child survivors.

▇ The United States Constitution limits payments of monies from the Federal Treasury to those authorized by statute. *See Office of Personnel Management v. Richmond,* 496 U.S. 414, 416, 110 S.Ct. 2465, 2467, 110 L.Ed.2d 387 (1990). Without statutory provision for reinstatement under 5 U.S.C. § 8341(a)(4)(B) once the annuitant has married, this court lacks authority to order reinstatement. Mr. Downs' remedy lies with the legislative branch.

The Board's decision is not arbitrary, capricious, an abuse of discretion or otherwise contrary to law. Therefore, this court affirms the Board's decision.

## COSTS

Each party shall bear its own costs.

**AFFIRMED.**