NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM STEPHEN LUSH, II**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3131

---

Petition for review of the Merit Systems Protection Board in case no. AT3330090169-I-1.

---

Decided: May 14, 2012

---

WILLIAM STEPHEN LUSH, II, of Middleton, Wisconsin, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, CLEVENGER, and WALLACH, *Circuit Judges*.

CLEVENGER, *Circuit Judge*.

The petitioner, William Stephen Lush, II petitions for review of the final order of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely filed. *Lush v. Dep't of the Treasury*, No. AT-3330-09-0169-I-1, 2011 MSPB LEXIS 1517 (M.S.P.B. Mar. 10, 2011). Since we find no error in the Board's decision, we affirm.

I

Mr. Lush was terminated from his position as a Data Transcriber at the Wage and Income Center for the Internal Revenue Service in Atlanta, Georgia. On August 19, 2008, Mr. Lush filed an appeal challenging the agency's termination decision, and the agency submitted evidence that Mr. Lush was terminated during his probationary period. As a result, the administrative judge found that Mr. Lush's termination was not within the Board's jurisdiction and dismissed his appeal. *Lush v. Dep't of the Treasury*, No. AT-0752-08-0778-I-1, slip op. (M.S.P.B. Sept. 30, 2008).

Mr. Lush appealed the administrative judge's initial decision to the Board. Although the Board denied Mr. Lush's petition for review, it determined that in Mr. Lush's submission below, he appeared to have raised claims under the Uniformed Services Employment and Reemployment Rights Act of 1995 ("USERRA") and the Veterans Employment Opportunities Act of 1998 ("VEOA") that were not addressed by the administrative judge. Therefore, the Board remanded these matters to the Atlanta Regional Office for docketing and adjudication

as new appeals.  *Lush v. Dep't of the Treasury*, No. AT-0752-08-0778-I-1, slip op. (M.S.P.B. Dec. 4, 2008).

On March 10, 2009, the administrative judge issued an order notifying Mr. Lush that there was a question of whether the VEOA appeal was within the Board's jurisdiction; this order set out the criteria for establishing jurisdiction under the VEOA.[1]  In response to this order, Mr. Lush submitted a declaration of jurisdiction and proof, in which he claimed to have sent a letter to the Department of Labor ("DOL") as part of an administrative exhaustion process..  In its response, the agency denied violating Mr. Lush's veterans preference rights.  The agency also submitted a letter from the DOL regional administrator, who stated that the DOL had never received a complaint from Mr. Lush.

On March 31, 2009, the administrative judge issued an initial decision finding that Mr. Lush failed to provide any evidence that DOL ever received his complaint.  *Lush v. Dep't of the Treasury*, No. AT-3330-09-0169-I-1, 2009 MSPB LEXIS 1943 (M.S.P.B. Mar. 31, 2009).  Since exhaustion of the DOL complaint process is a jurisdictional prerequisite to pursuit of a Board appeal under the VEOA, the administrative judge dismissed Mr. Lush's appeal for lack of jurisdiction.  The initial decision became the final decision of the Board on May 5, 2009, and Mr.

---

[1]     The administrative judge issued a similar order in Mr. Lush's USERRA appeal.  Mr. Lush failed to respond, and the administrative judge issued an initial decision dismissing the USERRA appeal for lack of jurisdiction. *Lush v. Dep't of the Treasury*, No. AT-4324-09-6165-I-1, 2009 MSPB LEXIS 2048 (M.S.P.B. Apr. 1, 2009).  The initial decision became the final decision of the Board on May 6, 2009.  Mr. Lush did not petition the Board for review of the administrative judge's April 1, 2009, decision.

Lush did not seek review of that decision in this court. On August 6, 2010, more than one year after the decision became final, Mr. Lush petitioned the Board for review of the March 31, 2009, initial decision.

In September 2010, Mr. Lush filed a motion to accept his filing as timely or, in the alternative, to waive or set aside the time limit. In this motion, Mr. Lush asserted that he had been mentally ill since 2002 and that he did not request an extension of time to file a petition for review because he did not know that he could ask for another review. In October 2010, Mr. Lush sent the Board a letter, to which he attached medical records regarding his mental illness.

On March 10, 2011, the Board dismissed Mr. Lush's petition for review as untimely filed without a showing of good cause for the delay. *Lush*, 2011 MSPB LEXIS 1517. The Board found that the administrative judge's initial decision informed Mr. Lush that the decision would become final on May 5, 2009. The Board noted that the Clerk, after receiving Mr. Lush's petition for review, informed Mr. Lush that his petition may be dismissed as untimely unless he filed a motion or affidavit showing that his petition for review was timely filed or that good cause existed for the delay. Additionally, the Board noted that the Clerk informed Mr. Lush what he needed to show in order to establish good cause based on medical reasons. As to the medical evidence, which the Board considered even though Mr. Lush submitted it after the record had closed, the Board stated that it did not explain how his mental illness prevented him from timely filing his petition for review. Thus, the Board dismissed Mr. Lush's petition for review as untimely filed without a showing of good cause for the delay.

Mr. Lush timely petitioned this court for review of the Board's dismissal order. We have jurisdiction over appeals from final decisions of the Board. 28 U.S.C. § 1295(a)(4). Our task is to determine whether the Board's decision was arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Sandel v. Office of Pers. Mgmt.*, 28 F.3d 1184, 1186 (Fed. Cir. 1994). If not, then we must affirm the final ruling of the Board.

## II

On appeal, Mr. Lush argues that the Board should not have dismissed his petition for review as untimely filed.

Mr. Lush had the burden of proof by preponderance of the evidence concerning the timeliness of his petition for review. 5 C.F.R. § 1201.56(a)(2)(ii). A petition for review must be filed within 35 days after the issuance of the initial decision or if the petitioner shows that the initial decision was received more than five days after the date of issuance, then within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(d). In this case, the administrative judge made these deadlines and the importance of compliance with them known to Mr. Lush.

In considering whether Mr. Lush showed good cause for his untimely petition for review, the Board considered several factors, including the length of Mr. Lush's delay, the reasonableness of his excuse, his pro se filing status, and the medical evidence he presented. This was in accordance with this court's precedent. *See Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). When considering the medical evidence, the Board considered whether the medical evidence showed the existence of a condition that would affect his ability to comply with time limits. This court has also reviewed the medical evidence,

and we agree with the Board that it is insufficient to excuse his untimely filing of a petition for review. Mr. Lush has not met his burden to establish good cause for a delay, and substantial evidence supports the Board's decision not to waive the filing deadline.

## III

For the reasons discussed above, the decision of the Board is affirmed.

## AFFIRMED

## COSTS

No costs.