NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JAE PAK,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2020-1845

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-19-0337-W-1.

---

Decided: December 22, 2020

---

JAE PAK, Warsaw, IN, pro se.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, CLEVENGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Mr. Jae Pak appeals from the final decision of the Merit Systems Protection Board ("MSPB") excluding his witnesses and evidence, and denying his individual right of action ("IRA") appeal claiming that the Department of Veterans Affairs ("DVA") engaged in prohibited conduct when it allegedly terminated him in retaliation for his alleged protected whistleblowing activities. For the reasons set forth below, we *affirm* the final judgment of the MSPB.

I

Mr. Pak was appointed on October 29, 2017 as a General Engineer for the VA Northern Indiana Health Care System. His career-conditional appointment was subject to a one-year probationary period. During his probationary period, the record shows Mr. Pak failed to follow department protocols, received complaints from contractors regarding his behavior, and interacted with a contractor in an unprofessional manner. J.A. 9.[1] On September 7, 2018, Mr. Pak was terminated because of "unacceptable conduct and performance."

On November 29, 2018, Mr. Pak filed a complaint with the Office of Special Counsel ("OSC") regarding his termination alleging that it amounted to prohibited personnel action taken in response to his protected disclosures under the Whistleblower Protection Act, as amended by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-19, 126 Stat. 1465. Mr. Pak asserted five disclosures he made that he believed were reasonable and were contributing factors to his termination. These disclosures are summarized as follows:

---

[1]    "J.A. __" refers to the page in the Joint Appendix in this case.

(1) Certain construction was outside the scope of the contract and unnecessary which amounted to a gross waste of funds and a violation of law.

(2) A contractor was charging the agency for an excessive number of unnecessary visits that amounted to a gross waste of funds.

(3) A contractor had been improperly pre-selected for a contract that required Mr. Pak to revise the scope of the contract, which amounted to a violation of law.

(4) Mr. Pak was improperly removed from a meeting and ordered to "rubber stamp" the statement of work from the pre-selected contractor, which amounted to an abuse of authority and gross mismanagement.

(5) An employee was performing Contracting Officer Representative duties without proper authorization, which amounted to gross mismanagement and a violation of law.

Unsuccessful in receiving corrective action from OSC, Mr. Pak filed an IRA with the MSPB on May 1, 2019.

On May 2, 2019, the administrative judge ("AJ") assigned to the case issued an Acknowledgment Order, in which Mr. Pak was informed of the requirements for establishing Board jurisdiction over his IRA appeal, and of what he must prove to be entitled to corrective action. That Order clearly warned that "[i]f any party fails to follow my orders or the Board's regulations, I may impose sanctions pursuant to 5 C.F.R. § 1201.43." J.A. 63. The parties submitted briefs on the jurisdictional issue, and on August 21, 2019, the AJ found that Mr. Pak had made a nonfrivolous allegation of at least one protected disclosure that may have been a contributing factor in the agency's decision to take one or more personnel actions.

The AJ conducted a status conference on October 1, 2019. During this status conference, the AJ ordered Mr. Pak to:

> provide a concise statement clarifying specific details from his jurisdiction responses, to include: the dates on which he made his purported disclosures; the individuals to whom he made them; why his belief in the truth of those disclosures was reasonable; and why he believed his disclosure was a contributing factor in his probationary termination.

J.A. 7. Mr. Pak never provided a response to the AJ's order.

The AJ also issued an order on the same day which scheduled November 5, 2019 for the pre-hearing conference and set an October 30, 2019 deadline for filing pre-hearing submissions. Mr. Pak failed to comply with the ordered deadline for his pre-hearing submissions by filing them on November 5, 2019, less than three hours before the scheduled pre-hearing conference. Initially, neither Mr. Pak nor his representative appeared on November 5, 2019. The AJ tried unsuccessfully to reach Mr. Pak by phone. But Mr. Pak did not answer, and his voicemail could not accept messages. The AJ was able to reach Mr. Pak's representative who attended by phone.

On November 5, 2019, the AJ issued an Order and Summary of the Telephonic Prehearing Conference. The AJ noted that Mr. Pak failed to comply with the order setting the deadline for pre-hearing submissions. J.A. 63. The AJ also noted that Mr. Pak earlier defied the AJ's October 1, 2019, order to file the required information. *Id*. The AJ concluded that sanctions were appropriate and warranted. Because Mr. Pak failed to file his pre-hearing submission on time and failed to establish good cause for the untimeliness, the AJ ruled that Mr. Pak failed timely to request any witnesses. Accordingly, as sanctions, the AJ ruled that while Mr. Pak could testify at his hearing, the AJ would

not approve any other witnesses to testify for Mr. Pak and would not allow Mr. Pak to introduce any of the proposed exhibits attached to his untimely pre-hearing submission.

On February 20, 2020, the AJ entered an initial decision finding that Mr. Pak "failed to prove a *prima facie* case of whistleblower retaliation as he failed to prove by preponderant evidence that he made any of his five alleged protected disclosures." J.A. 7. The decision was made final on March 26, 2020. Mr. Pak filed a timely notice of appeal to this court.

It appears that Mr. Pak raises two main arguments: (1) that precluding his witnesses from testifying and excluding his exhibits from the record unfairly prejudiced him, and (2) that the MSPB's decision lacked substantial evidence because it was based on hearsay and an incorrect weighing of the evidence.[2] For the reasons below, we affirm the MSPB's decision.

II

We have jurisdiction over appeals from final decisions of the MSPB. 28 U.S.C. § 1295(a)(4). Our task is to determine whether the MSPB's decision was arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Sandel v. Office of Pers. Mgmt.*, 28 F.3d 1184, 1186 (Fed. Cir. 1994). If not, then we must affirm the final ruling of the MSPB. Further, we do not disturb the MSPB's credibility determinations unless they are "inherently improbable or discredited by undisputed fact." *Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997).

---

[2]    Although Mr. Pak's brief was not clear as to his exact contentions, we have distilled his argument into these points.

### III

Mr. Pak argues that it was "unfair and devastating" for the MSPB to preclude his witnesses from testifying and exclude his proposed exhibits from the record. Petitioner Reply Br. 3. According to Mr. Pak, his witnesses would have "clearly proven the infraction committed by DVA," but he does not explain how his witnesses would have corroborated his claims of protected disclosure. Petitioner Opening Br. 2. In addition to his witnesses, he asserts that the precluded exhibits would have proved that the agency engaged in retaliatory actions because of his protected disclosures.

Under 5 C.F.R. § 1201.43, an administrative judge may impose sanctions on a party who fails to comply with the judge's orders. Pursuant to that authority, the judge may prohibit the party "from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information." 5 C.F.R. § 1201.43(a)(2). Prior to imposing any sanction, "the judge shall provide appropriate prior warning, allow a response to the actual or proposed sanction when feasible, and document the reasons for any resulting sanction in the record." 5 C.F.R. § 1201.43. Mr. Pak does not argue that the AJ failed to comply with the procedural requirements of §1201.43. Instead, he challenges the order on its merits.

The record here is clear. The AJ sanctioned Mr. Pak for failing to comply with multiple orders and failing to explain that failure. The AJ first warned Mr. Pak in the May 2, 2019 "Acknowledgment Order" that "[i]f any party fails to follow my orders or the Board's regulations, I may impose sanctions pursuant to 5 C.F.R. § 1201.43." J.A. 63. Mr. Pak failed to respond to the AJ's order that required him to provide "a concise statement" to clarify the details related to the dates he made the alleged protected disclosures, to whom they were made, why his belief that the disclosures were true was reasonable, and why such disclosures were contributing factors to his termination. J.A. 7. All of these

requests were directly related to proving Mr. Pak's protected whistleblower allegations.

The AJ again warned Mr. Pak on October 1, 2019 in the "Order and Notice of Hearing and Prehearing Conference" that "[i]n presenting evidence at the hearing, you will be limited by your prehearing submissions, except for good cause shown." J.A. 59. The order also stated that "an unlisted witness will usually not be permitted to testify, and hearing exhibits that were not reviewed during the prehearing conference will usually not be accepted into the record." *Id.* Mr. Pak failed to attend his pre-hearing conference. Mr. Pak also failed to timely submit his pre-hearing submission, instead filing the submission less than three hours before the hearing and failing to provide an explanation for the delay.  The AJ properly excluded the evidence and witness testimony under § 1201.43(a) due to these failures to comply with the MSPB's orders. *See Harp v. Dep't of Army*, 791 F.2d 161, 163 (Fed. Cir. 1986)(holding that presiding official properly excluded evidence due to respondent's failure to comply with an order).

Mr. Pak now explains that he was "under tremendous financial and career pressure" because of his termination and the start of a new job, while also acknowledging that such unfamiliarity "is no excuse" for the delay. Petitioner Opening Br. 1. This is the first time that Mr. Pak offers an explanation, but in any case his explanation is insufficient. *See Turner v. Merit Sys. Prot. Bd.*, 681 F. App'x 934, 937 (Fed. Cir. 2017)(stating that financial difficulties do not "excuse [respondent's] failure to respond to repeated orders.").

We have even found that similar failures to comply with orders were sufficient to justify an administrative judge's termination of an entire hearing. *See, e.g., Ahlberg v. Dep't of Health & Hum. Servs.*, 804 F.2d 1238 (Fed. Cir. 1986)(upholding Board's decision to dismiss appeal because respondent failed to comply with an order); *Nasuti v.*

*Dep't of State*, 675 F. App'x 975, 980 (Fed. Cir. 2017)(holding that the administrative judge did not abuse his discretion in cancelling the hearing "only after Mr. Nasuti refused to comply with the administrative judge's discovery orders on two separate occasions—and only after Mr. Nasuti was warned that continued refusal would result in cancellation."). Thus, we find that the MSPB did not abuse its discretion when it excluded Mr. Pak's evidence and witnesses from the hearing due to his repeated failures to comply with the AJ's orders.

IV

We also reject Mr. Pak's challenge to the MSPB's denial of his whistleblower allegations. In order for Mr. Pak to prevail, he has to prove by a preponderance of the evidence that he made a protected disclosure and that his disclosure was a contributing factor in the agency's decision to take an adverse action against him. *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1273 (Fed. Cir. 2005). To be a protected disclosure, Mr. Pak must have reasonably believed that such disclosure evidenced (i) a violation of law, rule, or regulation or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(a)(2)(D), (b)(8).

The MSPB's determination that Mr. Pak failed to prove whistleblowing was based on substantial evidence. The MSPB found that for each of Mr. Pak's alleged protected disclosures (i.e. improper performance of out-of-scope work, excessive contractor visits, improper pre-selection of a contractor, improper rubber-stamping and exclusion from meetings, and unauthorized performance of duties), the record either failed to show that he made the disclosure, show what information he specifically disclosed and to whom and when that information was disclosed, or show that such disclosure evidenced any reasonable belief of wrongdoing, such as a violation of law or gross mismanagement. The MSPB reviewed the evidence before it and

determined that aside from Mr. Pak's testimony there was no evidence supporting his allegations. According to the MSPB, however, Mr. Pak's testimony was "vague," "indirect," and "speculative and lacking in corroboration," whereas the testimony of the DVA's witnesses was "direct and responsive" and "unbiased." J.A. 24, 30.

Mr. Pak takes issue with the MSPB relying on hearsay and its weighing of the evidence in making its findings. The MSPB may rely on hearsay as "substantial evidence in an administrative proceeding . . . if the hearsay is inherently truthful and more credible than the evidence offered against it." *Sanders v. U.S. Postal Serv.*, 801 F.2d 1328, 1331 (Fed. Cir. 1986). As the MSPB determined, the testimony of the DVA's witnesses proved to be more credible and truthful than Mr. Pak's testimony and evidence. Mr. Pak does not provide any reason for why the MSPB's credibility determinations were "inherently improbable or discredited by undisputed fact." *Pope*, 114 F.3d 1149. Furthermore, as discussed above, the MSPB's determination that Mr. Pak failed to meet his burden in proving that he engaged in protected whistleblowing activity was based on substantial evidence, and we cannot reweigh such evidence. *See Parker v. U.S. Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir. 1987)("[T]he standard is not what the court would decide in a *de novo* appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole.").

V

For the foregoing reasons, we *affirm* the judgment of the Merit Systems Protection Board.

**AFFIRMED**

No costs.