.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL BEN GRAVES,**
*Petitioner,*

v.

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2011-3150

---

Petition for review of the Merit Systems Protection Board in consolidated case nos. SF3330090786-I-1 and SF300A100062-I-1.

---

Decided: December 9, 2011

---

MICHAEL B. GRAVES, of Los Angeles, California, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

Before DYK, PROST, and MOORE, *Circuit Judges.*

Per Curiam.

Petitioner Michael B. Graves appeals from a decision by the Merit Systems Protection Board (Board) denying some of Mr. Graves's claims and dismissing others for lack of jurisdiction. For the reasons set forth below, we *affirm*.

BACKGROUND

Mr. Graves, a preference-eligible veteran, applied for multiple positions as a medical records technician with the Department of the Navy (Navy). Mr. Graves submitted one application under a specific vacancy announcement for a GS-7 or GS-8 level medical records technician open to the general public. The Navy issued a certificate of eligibles at the GS-7 level, listing Mr. Graves and one other applicant. The Navy did not make a selection from that certificate, stating that the candidates lacked the requisite skills.

The Navy issued a second announcement for the position, in which applicants that applied under the prior announcement were not required to reapply. The Navy issued another certificate of eligibles at the GS-7 level, including Mr. Graves and two others. The Navy again did not select anyone from that certificate. The Navy also issued a certificate of eligibles at the GS-8 level, in which Mr. Graves was not among the three applicants listed. The Navy selected a non-veteran from the GS-8 certificate of eligibles.

Mr. Graves also applied to a separate open and continuous merit staffing announcement. Mr. Graves was not selected for any of the positions under the open and

continuous announcement. Mr. Graves filed a petition for appeal at the Board, alleging violations of the Veterans Employment Opportunities Act of 1998 (VEOA), 5 C.F.R. part 300, harmful procedural error, and discrimination based on age, race, and sex. The Board found that it lacked jurisdiction over Mr. Graves's harmful procedural error, discrimination, and all but one of his 5 C.F.R. part 300 allegations. The Board construed one of Mr. Graves's 5 C.F.R. part 300 allegations to assert that the Navy improperly determined that he was not qualified at the GS-8 level for the medical records technician position under the specific vacancy announcement. The Board denied this claim on the merits.

Mr. Graves petitioned for review before the full Board, which was denied. Mr. Graves now appeals the Board's Final Decision. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review questions of law *de novo*. *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). We review the Board's discovery rulings for abuse of discretion. *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). "If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, in order

for petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* at 1379.

Mr. Graves first argues that the Board abused its discretion in denying his attempts at discovery. Mr. Graves claims that his August 31, 2009 motion for sanctions should have been construed as a motion to compel. Mr. Graves made the same discovery arguments before the Board, which found that Mr. Graves had not shown that he complied with the Board's regulations for discovery, 5 C.F.R. § 1201.73, and that he had not filed a motion to compel discovery. The Board did not abuse its discretion in denying his motion for sanctions. Mr. Graves's motion for sanctions did not allege that he had engaged in discovery, that the agency failed to respond to discovery, or even include his discovery request. The motion for sanctions was not for any outstanding discovery request by Mr. Graves, but rather generally requested that the Board sanction the Navy to fully comply with discovery requirements within 30 days. The Board's denial did not abuse its discretion.

On appeal, Mr. Graves argues that the Board violated our decision in *Baird v. Department of the Army*, 517 F.3d 1345 (Fed. Cir. 2008). In *Baird*, the petitioner filed two motions to compel discovery concerning emails directly related to her case that could affect the outcome of her case. *Id.* at 1348, 1351. Unlike *Baird*, Mr. Graves did not file a motion to compel and has not shown how additional discovery could affect the outcome of his case. For example, Mr. Graves's discovery request sought information concerning positions from January 2007, but Mr. Graves applied for the first position in 2009. The Navy disclosed information beginning in January 2009. On these facts, we cannot conclude that the Board abused its discretion.

Mr. Graves also argues that his veterans' rights were violated when the Navy appointed less qualified or not qualified non-veterans to Medical Records Technician positions. In assessing Mr. Graves's qualifications for a GS-8 level, the Board found that the Navy followed the Office of Personnel Management's qualification standard for GS-6 and above positions requiring one year specialized experience equivalent to at least the next lower grade level. Based on testimony from a Human Resource Specialist, the Board found Mr. Graves's 12 months of coding experience was consistent only with entry-level work equivalent to a GS-5 level. The testimony explained this was consistent with a GS-7 level, but not a GS-8 level. The Board thus found that the Navy did not improperly determine he was not qualified at the GS-8 level. We must give deference to these agency fact findings. Mr. Graves has not shown that they were unsupported by substantial evidence.

Because Mr. Graves was not qualified at the GS-8 level in which Navy hired from for the specific vacancy announcements, the Board determined Mr. Graves's veterans' preference rights were not violated. The Board correctly determined that the Navy was not required to hire from the GS-7 certificates and that it was free to reassess and hire at the GS-8 level. *See Abell v. Dep't of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003) ("An agency . . . has discretion to cancel a vacancy announcement."). In analyzing the positions under the open and continuous announcement, the Board also correctly noted that Mr. Graves was not entitled to veterans' preference because the announcement was under merit promotion procedures. *See Brown v. Dep't of Veterans Affairs*, 247 F.3d 1222, 1224 (Fed. Cir. 2001). Similarly, the Board correctly analyzed Mr. Graves's claims under the open and continuous announcement vacancies.

We have considered Mr. Graves's additional arguments on appeal and find them to be without merit. For the foregoing reasons, we conclude that the Board's decision is in accordance with the law and supported by substantial evidence. The decision of the Board is therefore affirmed.

## **AFFIRMED**

### COSTS

No costs.