NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL B. GRAVES,**
*Petitioner,*

v.

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2012-3128

---

Petition for review of the Merit Systems Protection Board in case no.SF3330100696-I-3.

---

Decided: September 10, 2012

---

MICHAEL B. GRAVES, Carson, California, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD R. KINNER, Assistant Director.

---

Before DYK, CLEVENGER, and WALLACH, *Circuit Judges*.

CLEVENGER, *Circuit Judge*.

The petitioner, Michael B. Graves, appeals the final order of the Merit Systems Protection Board ("Board") denying his petition for review. *Graves v. Dep't of the Air Force*, No. SF-3330-10-0696-I-3, 2012 MSPB LEXIS 1157 (M.S.P.B. Mar. 2, 2012). Since we find no error in the Board's decision, we affirm.

I

Mr. Graves is a Vietnam veteran and has a twenty percent service-related disability. In 2009, Mr. Graves submitted applications for a medical records technician ("MRT") position in response to several vacancies posted in vacancy announcement AFPC236837GS-675-03-07MD ("the AFPC236837 announcement") issued by the Air Force. However, Mr. Graves was not selected for any of the positions filled under the AFPC236837 announcement, and he appealed his non-selection to the Board. The Board determined that the Air Force did not violate Graves's veterans' preference rights. *Graves v. Dep't of the Air Force*, No. SF-3330-09-0383-I-1, 2009 MSPB LEXIS 5601 (M.S.P.B. Aug. 14, 2009); *Graves v. Dep't of the Air Force*, No. SF-3330-09-0383-I-1, 2009 MSPB LEXIS 7054 (M.S.P.B. Oct. 8, 2009). In this proceeding, the Board determined that Mr. Graves's challenges to positions filled under the AFPC236837 announcement had been resolved by his prior case and were not at issue here. *Graves v. Dep't of the Air Force*, No. SF-3330-10-0696-I-3, 2011 MSPB LEXIS 6467 (M.S.P.B. Nov. 15, 2011) ("*Initial Decision*").

This case involves the approximately four dozen MRT positions that the Air Force filled under vacancy announcements other than the AFPC236837 announcement

in 2009 and 2010. The agency did not consider Mr. Graves for any of these positions. Mr. Graves argues that the Air Force has violated his veterans' preference rights by not keeping his 2009 applications on file and considering him for each vacancy arising during the three years following his 2009 applications. The Board determined that it possessed jurisdiction to entertain Mr. Graves's claim under the Veterans Employment Opportunities Act of 1998 ("VEOA"); however, the Board determined that Mr. Graves had not submitted an application in response to the vacancy announcements that are the subject of this appeal. *Initial Decision* at *14. Next, the Board determined that the Air Force had no obligation to keep Mr. Graves's previous applications on file for three years. The Board noted that Mr. Graves did not "identif[y] any provision of the United States Code or the Code of Federal Regulations that would have required the agency to keep his AFPC236837 application in a special file and to consider it for future MRT vacancies not filled through that announcement." *Id*. at *15.

Before the Board, Mr. Graves's argument appears to have been based on a section of the Office of Personnel Management's ("OPM's") VetGuide about a veteran's right to file a late application for certain vacancies, which states:

> A 10-point preference eligible may file a job application with an agency at any time. If the applicant is qualified for positions filled from a register, the agency must add the candidate to the register, even if the register is closed to other applicants. If the applicant is qualified for positions filled through case examining, the agency will ensure that the applicant is referred on a certificate as soon as possible. If there is no immediate opening, the agency must retain the application in a special

> file for referral on certificates for future vacancies for up to three years.

OPM, *VetGuide*, http://www.opm.gov/staffingportal/vetguide.asp. The basis for Mr. Graves's argument before the Board seems to be the last sentence, which states: "If there is no immediate opening, the agency must retain the application in a special file for referral on certificates for future vacancies for up to three years." The Board, which assumed that the VetGuide was a statute or regulation enforceable to the Board under the VEOA, stated that Mr. Graves had not shown a violation. *Initial Decision*, at *14-15. The Board stated that Mr. Graves's situation did not involve a late-filed application, but rather his timely submission of an application for an announced vacancy for which he was not accepted. The Board found that "[b]ecause the agency did in fact consider [Mr. Graves] for at least some of the vacancies for which he timely applied, the VetGuide provision did not require the agency to hold his application on file for future vacancies." *Id.* at *15. Thus, the Board concluded that the Air Force did not violate Mr. Graves's veterans' preference rights under the VEOA by failing to consider him for positions for which he did not apply.

The Board also addressed Mr. Graves's requests for discovery. Mr. Graves sought discovery over factual information such as how the Air Force announced vacancies and how it filled them, which the Board allowed. However, the Board did not allow Mr. Graves to discover information "about, for example, the race and age of each individual hired to an MRT position and the agency's affirmative-action plan." *Id.* at *21. The Board rejected Mr. Graves's request for this discovery because it found the information was not relevant to Mr. Graves's VEOA claim.

Mr. Graves filed a petition for review by the full board, which was denied. This appeal followed. This court has jurisdiction over appeals from final decisions of the Board. 28 U.S.C. § 1295(a)(4). As to Mr. Graves's VEOA argument, our task is to determine whether the Board's decision was arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Sandel v. Office of Pers. Mgmt.*, 28 F.3d 1184, 1186 (Fed. Cir. 1994). If not, then we must affirm the final ruling of the Board. As to Mr. Graves's discovery argument, we review the Board's discovery rulings for abuse of discretion. *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). "If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, in order for petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* at 1379.

## II

On appeal, Mr. Graves argues that the Board erred by: (1) violating his due process rights by denying his discovery attempts contrary to *Baird v. Department of the Army*, 517 F.3d 1345 (Fed. Cir. 2008), and (2) finding that he had not shown a VEOA violation, and thereby dismissing his VEOA claim.

## A

First, Mr. Graves argues that the Board erred by refusing his discovery requests and cites *Baird*, 517 F.3d 1345, in support. However, Mr. Graves makes only vague assertions regarding the discovery he seeks, and he fails to establish how any alleged discovery error could have caused "substantial harm or prejudice to his rights which could have affected the outcome" in this case. *Curtin*, 846

F.2d 1379. Also, unlike in *Baird*, in which the petitioner filed two motions to compel discovery concerning emails directly related to her claims, in this case, Mr. Graves seeks discovery of information that is not relevant to his VEOA claim. Accordingly, Mr. Graves cannot show that the Board abused its discretion in denying his discovery requests.

## B

Second, Mr. Graves apparently claims that the Board erred in dismissing his VEOA claim. Mr. Graves makes vague reference to this source of error in his opening brief, but he more succinctly states the source of error in his reply brief, stating that the agency was "required by statute and regulations to maintain qualified disabled veteran Graves' application in a special file for consideration" for "each and all of the subsequent MRT job vacancies which became open during the subsequent three years." *Reply Brief*, at 2. Since this court liberally construes pro se pleadings, we think that Mr. Graves has preserved his argument that the Board erred by finding no VEOA violation. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (en banc).

Nonetheless, the Board did not err in finding that Mr. Graves failed to show a violation of the VEOA. We need not reach the issue of whether the VetGuide is a statute or regulation enforceable under the VEOA. For the purpose of deciding this appeal, we assume that the VetGuide is enforceable. Under the clear language of the relevant VetGuide provision, an agency is only required to retain an application in a special file when "there is no immediate opening" for a position. Here, in contrast, Mr. Graves filed a timely application for open positions. The agency considered Mr. Graves for at least some of the

vacancies for which he applied, so the VetGuide provision did not require the agency to hold his application on file for future vacancies. As such, the Board's decision is not an abuse of discretion and is supported by substantial evidence

### III

For the reasons discussed above, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.