NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL B. GRAVES,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2013-3077

---

Petition for review of the Merit Systems Protection Board in No. SF3330100788-X-1.

---

Decided: August 9, 2013

---

MICHAEL B. GRAVES, of Carson, California, pro se.

RYAN M. MAJERUS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge,* LOURIE and PROST, *Circuit Judges.*

PER CURIAM.

Michael B. Graves appeals *pro se* from the final decision of the Merit Systems Protection Board (the "Board") dismissing his petition for enforcement regarding his claim that the Department of the Navy (the "Navy") had failed to comply with an earlier order from the Board with respect to his rights under a provision of the Veterans Employment Opportunity Act of 1998 ("VEOA"), 5 U.S.C. § 3330a. *Graves v. Dep't of the Navy*, No. SF-3330-10-0788-X-1 (M.S.P.B. Dec. 27, 2012) (Final Order) ("*Graves IV*"). Because the Board's decision was supported by substantial evidence, not arbitrary and capricious, and not an abuse of discretion, we affirm.

## BACKGROUND

Graves is a Vietnam veteran with a 20% service-connected disability. Graves has filed a number of appeals from the Board to this court over the years. *See Graves v. Dep't of the Navy*, No. 2012-3128, 494 F. App'x 68 (Fed. Cir. 2012) (unpublished); *Graves v. Dep't of the Navy*, No. 2011-3150, 451 F. App'x 931 (Fed. Cir. 2011) (unpublished); *Graves v. Dep't of Veterans Affairs*, No. 2011-3095, 425 F. App'x 897 (Fed. Cir. 2011) (unpublished); *Graves v. Dep't of the Air Force*, No. 2011-3099, 424 F. App'x 957 (Fed. Cir 2011) (unpublished); *In re Graves*, Nos. 2011-M988, -M991, 447 F. App'x 225 (Fed. Cir. 2011) (unpublished). Similar to his other prior Board appeals, this appeal deals with Graves's applications for employment submitted to multiple agencies in response to medical records technician ("MRT") vacancies. At the time of his applications, Graves had a total of ten months of medical coding experience (nine prior to completing an American Health Information Management Association ("AHIMA") Certified Coding Specialist–Physician Based course with one month post-certification work as a "coder") and one year and nine months of work as a medical claims examiner.

On March 11, 2009, and in response to Open and Continuous Announcement (OCA) DON-0675, the Navy received applications from Graves for a number of MRT positions in several geographic locations, including for GS-04 and GS-05 level positions in San Diego, California. Graves indisputably met the minimum qualifying criteria for the GS-04 MRT positions. However, the GS-04 MRT positions also required, as "highly qualifying" criteria, knowledge of medical records and medical terminology. The GS-05 MRT position required, as a minimum qualification, one year of specialized experience as a MRT equivalent to at least a GS-04 MRT position. Graves was not selected for any of the positions.

On June 21, 2010, Graves filed a complaint with the Department of Labor (the "DOL"), alleging that the Navy violated his veterans preference rights by not considering him for positions under the three vacancy announcements. As the vacancy announcements were still open, DOL notified Graves that he was not eligible for redress under the VEOA and notified him of his right to appeal to the Board. Graves then appealed to the Board, claiming a violation of his VEOA rights and seeking corrective action and reconsideration. In addition, Graves alleged that the Navy violated his VEOA rights by filling 158 unidentified MRT vacancies, which he learned of through a Freedom of Information Act request.

On October 22, 2010, the administrative judge ("AJ") granted in part and denied in part Graves's request. *Graves v. Dep't of the Navy*, No. SF-3330-10-0788-I-1 (M.S.P.B. Oct. 22, 2010) (Initial Decision) (*Graves I*). The AJ declined to reach an alleged violation of Graves's VEOA rights for 158 MRT vacancies that were not appealed to DOL, determining that the Board lacked jurisdiction over those claims. *Id.* at 17. However, the AJ ordered the Navy to take corrective action to determine whether Graves was qualified for the GS-04 and GS-05 MRT positions, to reconstruct the selection process for the positions for which he was qualified, and to afford him the

right to compete for those positions. *Id.* at 22–24. Graves petitioned for review of the AJ's initial decision.

On April 30, 2012, the Board issued a final order denying Graves's petition for review. *Graves v. Dep't of the Navy*, No. SF-3330-10-0788-I-1 (M.S.P.B. April 30, 2012) (Final Order) (*Graves II*). The Board affirmed the initial decision with respect to the OCA DON-0675 positions in San Diego and also concluded that the AJ had not abused his discretion in denying Graves additional discovery with respect to the 158 MRT positions and that the initial decision was not unenforceable for not establishing a deadline for compliance. *Id.* at 5–6. The Board forwarded the AJ the remaining compliance issues, requiring the Navy to show that it had determined whether Graves was qualified for the GS-04 and GS-05 MRT positions in San Diego and to retain his application until March 10, 2012, for those positions for which he was qualified. *Id.* at 6. Graves did not appeal that final Board decision.[1]

On August 29, 2012, after reviewing the compliance issues forwarded by the Board, the AJ issued a "recommended" decision that found that the Navy had complied with most of the Board's order based on declarations submitted by the Navy. *Graves v. Dep't of the Navy*, No. SF-3330-10-0788-C-1 (M.S.P.B. Aug. 29, 2012) (Recommendation) (*Graves III*). The AJ found that the Navy was not required to reconstruct its selection process for either

---

[1]     Graves had also submitted applications for MRT positions in Newport, Rhode Island (NEOA-0675-04-GROOO883-DE), and Camp Pendleton, California (SWO-0675-08-PD7098681-DE), which he included in his initial appeal to the Board. *Graves I*, at 17. The Board subsequently dismissed his appeal with respect to those claims for lack of jurisdiction for failure to exhaust his DOL remedies. *Graves II*, at 3–4. Graves did not appeal that dismissal.

the GS-05 or GS-04 MRT positions under OCA DON-0675 because Graves was not minimally qualified for the GS-05 MRT vacancies as he did not have one year of specialized experience equivalent to a GS-04 MRT position and did not meet the "highly qualifying" criteria for the GS-04 MRT vacancies under OCA DON-0675 as he lacked knowledge of medical records and medical terminology. *Id.* at 5–7. The AJ found that the Navy was not in full compliance only because it failed to demonstrate that it had considered Graves's application for vacancies filled prior to the October 22, 2010, initial decision. *Id.* at 7–8. The AJ then ordered the Navy to address this oversight. *Id.* at 8.

Graves filed a petition for review challenging the AJ's recommendation on compliance, arguing that he was qualified for the contested vacancies because he was certified as a coding specialist by AHIMA. The Navy filed its response to the AJ's recommendation discussing the pre-October 22, 2010, vacancies.

The Board, reviewing the AJ's recommendation and the Navy's response, issued its final order, finding the Navy in compliance with the AJ's August 2012 recommendation and dismissing Graves's petition. *Graves IV*, at 2. The Board concurred with the AJ's determination that Graves did not meet the "highly qualifying" criteria for the two GS-04 MRT positions under OCA DON-0675 regarding knowledge of medical records and medical terminology despite his coding experience and AHIMA certification. *Id.* at 6–8. The Board also agreed with the AJ that Graves was not minimally qualified for the two GS-05 MRT positions under OCA DON-0675 because he did not have one year of specialized experience. *Id.* at 8–9. Thus, the Board noted, the Navy was not required to reconstruct the selection process for the two GS-04 MRT positions or the two GS-05 MRT positions.

Graves appealed to this court. We have jurisdiction pursuant to and 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). We review the Board's discovery rulings for abuse of discretion. *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988).

Graves argues that the Navy failed to consider his AHIMA coding certification, alleging that this certification demonstrated that Graves had more than the minimum required knowledge for MRT vacancies at both grades GS-04 and GS-05. Graves also asserts that the Navy failed to apply the so-called "rule of three" and "pass over" requirements. In addition, Graves argues, as he did in prior appeals, *see, e.g., Graves,* 494 F. App'x at 71; *Graves*, 451 F. App'x at 934; *Graves*, 424 F. App'x at 957–58, that the Board abused its discretion in refusing him additional discovery in violation of *Baird v. Department of the Army*, 517 F.3d 1345 (Fed. Cir. 2008) and his Due Process rights. Graves also contends that the Board failed to follow the procedural requirements of 5 C.F.R. § 1201.183 in response to his petition for enforcement and that the Navy's failure to respond to his "application for enforcement" filed with this court renders the appeal moot. Finally, Graves argues that the Navy's informal brief was untimely served and filed.

First, in considering whether Graves was qualified for the GS-04 and GS-05 MRT positions under OCA DON-0675, the Board did acknowledge his coding experience and AHIMA certification. *Graves IV*, at 6–7; *Graves III*, at 5–6. The Board reviewed Graves's resume, the vacancy announcement, and the qualification standards, which required "a practical knowledge of medical records" and

"medical terminology." *Graves IV*, at 6–7. But the Board found that that certification and experience was insufficient for the two levels of positions because he still lacked experience with or knowledge of medical records or medical terminology and did not have one year of specialized experience equivalent to a GS-04 MRT position. *Id. at* 6–10. As a consequence, the Board, deferring to the Navy's determinations, found that, although minimally qualified, he did not meet the "highly qualifying" criteria required by the agency for the GS-04 MRT positions nor did he meet the minimum requirements for the GS-05 MRT positions. *Id.* We see no error in those determinations.

Second, Graves's "rule of three" and "pass over" requirement arguments are likewise without merit. The "rule of three" is based on an Office of Personnel Management regulation that provides that an applicant who has been rejected three times for a position need not be considered for the same position again. *See Lackhouse v. Merit Sys. Prot. Bd.*, 773 F.3d 313, 316 (Fed. Cir. 1985). The "pass over" rule applies when an agency proposes to pass over a preference-eligible veteran on a certificate to select a person who is not preference eligible. 5 U.S.C. § 3318(a), (b)(1); *Dow v. Gen. Servs. Admin.*, 590 F.3d 1338, 1339–40 (Fed. Cir. 2010). Graves does not explain how either rule is relevant to this case. Indeed, neither rule appears implicated in this case because Graves was not rejected three times or passed over. Instead, he was simply ineligible for employment in the first place due to his lack of qualifications.

Third, turning to Graves's assertions that the AJ denied him additional discovery in violation of *Baird* and Graves's Due Process rights, Graves failed to file a motion to compel during the compliance proceedings at issue in this appeal; thus there is nothing to review. At best, the record shows that, during his initial appeal, the AJ denied a motion to compel discovery filed by Graves for failing to comply with the requirements of 5 C.F.R. § 1201.73, which is not currently before us. *Graves v. Dep't of the*

*Navy*, No. SF-3330-10-0788-I-1 (M.S.P.B. July 19, 2010) (Order). There is no indication in the record of the substance of this motion to compel. The AJ only noted that the motion to compel lacked the required response from the Navy and statement that Graves met and conferred with opposing counsel, and, instead, only contained conclusory statements of relevancy and materiality. *Id.* at 2. However, Graves chose not to appeal the April 30, 2010, final decision of the Board reviewing that determination. And, unlike in *Baird*, Graves does not identify what discovery has been denied or what evidence is missing from the record, nor does he establish how any alleged discovery error could have caused substantial harm or prejudice to his rights that could have affected the outcome in this case. *See Baird*, 517 F.3d at 1351; *Curtin*, 846 F.2d at 1379. Instead, what is clear from the record is that there is no evidence that Graves, at any point, filed a proper motion to compel. Thus, on the record before us, we cannot conclude that the Board abused its discretion in denying Graves's discovery request or that Graves's Due Process rights were violated.

Fourth, Graves alleges that the Board and the Navy failed to follow 5 C.F.R. § 1201.183 (Procedures for processing petitions for enforcement). Graves, however, offers no specific allegations of how the Board or the Navy violated this regulation. That regulation requires an agency accused of non-compliance to come forward with evidence of compliance. *Id.* As far as can be determined from the record, the Navy provided ample evidence of compliance in the form of multiple declarations in compliance with 5 C.F.R. § 1201.183. *Graves IV*, at 4–5, 6, 8; *Graves III*, at 2–3, 5–7.

Fifth, Graves argues in his briefing that the Board decision is "moot" because the Navy failed to answer his "application for enforcement" pursuant to Fed. R. App. Proc. 15(b), filed with this court on February 20, 2013. Rule 15(b) allows an applicant to seek to enforce an agency order to which the respondent has 21 days to file

and to serve an answer on the applicant. If the respondent fails to answer in time, the court enters judgment against them pursuant to Rule 15(b)(2). In his February 2013 filing, Graves alleged, as he does in the merits briefing, that the Board failed to consider his AHIMA certification, failed to apply the "rule of three" and "pass over" requirements, violated his due process rights, and failed to follow 5 C.F.R. § 1201.183. He subsequently filed a related motion for relief on March 14, 2013, alleging that because the government failed to respond to his application, judgment should be entered against it under Rule 15(b)(2). In denying his motion, we noted that Graves had filed a petition for review of the Board's December 27, 2012, final order and that, to the extent he is arguing the merits of his case, such arguments belong in his briefs on the merits of his petition for review. *Graves v. Dep't of the Navy*, No. 2013-3077 (Fed. Cir. June 13, 2013), ECF No. 18 (Order). However, in his briefing, Graves does not identify any order that he wishes to actually enforce. The February 20, 2013, filing, in substance, only sought to review, not to enforce, the Board's December 2012 decision. The underlying merits arguments, now properly presented in the merits briefing for his petition for review, have already been addressed.

Finally, Graves argues in his reply that the Navy failed to file and serve its informal brief within 21 days of service of his informal brief as required by Fed. R. App. P. 31(e)(2) (requiring service within 21 days after petitioner's informal brief is served). Graves served his brief on April 8, 2013, delivered a few days later. The Navy served its response 24 days after that service on May 2, 2013. While this is outside the 21-day time period in Rule 31(e)(2), Fed. R. App. P. 26(c) allocates an additional 3 days when a party must act within a specified time after service and the paper was not delivered on the date of service, just as in this case. Thus, the Navy's brief was timely served and filed within the extended 24-day service window.

We have considered Graves's remaining arguments and do not find them persuasive. We find no error in the Board's well-reasoned decision. Accordingly, we affirm.

**AFFIRMED**