NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: ROBERT MICHAEL MILLER,**

*Petitioner*

---

2021-100

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in Nos. DC-0752-20-0790-I-1 and DC-1221-20-0720-W-1.

---

**ON PETITION**

---

Before DYK, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

Concerning his pending individual right of action appeal before the Merit Systems Protection Board, Robert Michael Miller petitions for a writ of mandamus (1) directing the presiding administrative judge to recuse herself; (2) directing the Board to vacate prior orders from that judge, grant certain discovery requests, and assign a new judge; (3) directing the Board to take action against the Federal Deposit Insurance Corporation, including disqualifying FDIC attorneys, enforcing sanctions against the FDIC, and enjoining the FDIC from taking personnel action against

Mr. Miller; (4) granting discovery at the Board regarding its judges; (5) granting judgment on the merits; and (6) issuing "other mandates and prohibitions as this Court deems appropriate."

In July 2020, Mr. Miller filed this matter with the Board, alleging adverse action following whistleblowing activity. The administrative judge has not yet issued an initial decision, and the case remains pending. The administrative judge has, however, denied Mr. Miller's motions to recuse herself because of her race, gender, and political affiliation; for reconsideration and certification for interlocutory appeal of that order; for sanctions against the FDIC; and to disqualify FDIC's counsel, as well as several discovery requests.

Mandamus is an extraordinary remedy, available only where the petitioner shows: (1) a clear and indisputable right to relief; (2) there are no adequate alternative legal channels through which he may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 542 U.S. 367, 380–81 (2004). Mr. Miller has not met this demanding standard for relief.

Mr. Miller seeks to challenge several of the administrative judge's decisions to date and also requests a preliminary injunction, stay, and judgment on the pleadings. However, he generally fails to show why raising the vast majority of his arguments on appeal from final judgment would be inadequate here. *See, e.g.,* *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 383 (1953) (holding that the cost and inconvenience of trial are generally insufficient to warrant mandamus relief). Though he contends that "[t]he absence of sitting Board members leaves no other remedy," Pet. at 38, the Board's lack of quorum does not prevent judicial review of an administrative judge's initial decision that has become final, *see* 5 U.S.C. § 7703.

Mr. Miller also contends that an appeal would be inadequate because he seeks depositions now of witnesses who may be unavailable later. These discovery decisions, however, are committed to the Board's discretion. *See Graves v. Dep't of the Navy*, 451 F. App'x 931, 933 (Fed. Cir. 2011) ("We review the Board's discovery rulings for abuse of discretion." (citation omitted)). The administrative judge considered Mr. Miller's arguments and rejected them, and Mr. Miller has not shown a clear and indisputable error in the exercise of that discretion. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT

November 03, 2020                 /s/ Peter R. Marksteiner
        Date                              Peter R. Marksteiner
                                          Clerk of Court

s24